THOMAS LYLE PIERCE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pierce v. Commissioner
Docket No. 7775-91
United States Tax Court
T.C. Memo 1992-365; 1992 Tax Ct. Memo LEXIS 386; 63 T.C.M. (CCH) 3188; June 29, 1992, Filed *386 An order and decision will be entered for respondent. Paul B. Burns, for respondent. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653
Sec. 6653
(b)tl)(A)
(b)(1)(B)
1987
$ 4,351
--- $ 3,263
[1]
1988
4,783
$3,587
---
---
In the alternative, respondent determined additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1987 and section 6653(a)(1) for 1988. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. In an Amended Answer, respondent claimed an increased deficiency for 1987 of $ 42, an increased addition to tax under section 6653(b)(1)(A) of $ 32, and an appropriate increase in the addition *387 to tax under section 6653(b)(1)(B). Respondent also claimed an increased deficiency for 1988 of $ 956 and an increase of $ 717 in the addition to tax under section 6653(b)(1). Petitioner resided in Torrance, California, when he filed his petition in this case. On November 8, 1991, the parties were sent a notice setting the case for trial at the Los Angeles Trial Session beginning March 9, 1992. The notice informed petitioner that failure to appear could result in dismissal of the case and the entry of decision against him. It also warned him that failure to cooperate in trial preparation could result in the dismissal of his case. On December 2, 1991, respondent's counsel sent petitioner a letter informally requesting information and the production of documents. In view of petitioner's failure to cooperate in informal trial preparation, on December 10, 1991, respondent's counsel served on petitioner a request for production of documents, interrogatories, and a request for admissions. Petitioner did not file any responses as required by the Court's Rules. When the case was called for trial on March 9, 1992, there was no appearance by petitioner or on his behalf. At that time *388 respondent orally moved to dismiss the case for lack of prosecution and to find deficiencies and additions to tax in accordance with respondent's Amended Answer. Respondent also moved for the imposition of a penalty pursuant to section 6673. Dismissal of a case is a sanction which may be imposed in the Court's discretion. . It is well settled that a taxpayer's failure to appear at trial can result in a dismissal of the action against him for failure to properly prosecute where he seeks the redetermination of a deficiency. Rules 123(b) and 149(a); ; , affd. without opinion . Here petitioner not only failed to appear, but he also did not attempt to engage counsel to appear on his behalf. Moreover, he did not communicate with the Court or respondent's counsel, and he failed to comply with our Rules. Therefore, we will grant respondent's oral motion to dismiss with respect to the deficiencies determined in the notice of deficiency *389 and the increased deficiencies asserted in the Amended Answer. Next we consider the issue pertaining to the fraud additions to tax with respect to which respondent has the burden of proof. Sec. 7454(a); Rule 142(b). Section 6653(b)(1)(A) for 1987 and section 6635(b)(1) for 1988 provide for an addition to tax equal to 75 percent of an underpayment, if any portion of such underpayment was attributable to fraud. Section 6653(b)(1)(B) for 1987 provides for an addition to tax in the amount of 50 percent of the interest on the portion of the underpayment attributable to fraud. Fraud is defined as an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. , affg. ; . Respondent has the burden of proving fraud by clear and convincing evidence. Rule 142(b); ; . Fraud is a factual question to be determined by an examination of the *390 entire record. . It is clear that petitioner has failed to "proceed" within the meaning of Rule 123(a). He has intentionally abandoned his case, and therefore we find him in default. "Entry of a default has the effect of admitting all well-pleaded facts in respondent's answer, and a default judgment must be supported by respondent's well-pleaded facts." . In , affd. , we held that "the Commissioner's pleadings must allege specific facts sufficient to sustain a finding of fraud before he will be entitled to a decision that includes an addition to tax for fraud upon the failure of a taxpayer to appear for trial." Although respondent has chosen to rely primarily on the conclusory statements contained in paragraphs 14 through 17 of the unanswered requests for admissions to establish fraud, as was done in , we rely in this case on the more specific facts pleaded in respondent's *391 Amended Answer, and not denied by petitioner, as being sufficient to support a finding of fraud. In paragraph 7 of the Amended Answer, respondent made the following affirmative allegations in support of the burden of proof as to fraud: (a) During the taxable years at issue in this case, Petitioner engaged in the local package delivery business as a sole proprietor, operating under the fictitious business name "Expedited Services." (b) Petitioner maintained his books and records, including the books and records of Expedited Services, using the cash receipts and disbursements method of accounting. (c) Petitioner's Federal income tax returns for the taxable years at issue in this case were prepared by Harlan E. Butts ("Butts"). Respondent is informed and believes, and on the basis of that information and belief alleges, that Butts prepared Petitioner's Federal income tax returns based solely on information supplied by Petitioner, and did not conduct any independent inquiry to determine the completeness or correctness of the information supplied to him by Petitioner. Petitioner's Federal income tax returns for the taxable years at issue were prepared using the cash receipts and *392 disbursements method of accounting. (d) Petitioner signed and filed his Federal income tax returns for the taxable years at issue in this case. Petitioner was fully aware of the contents of his returns at the time he signed and filed them. (e) At all times relevant to this case, Petitioner knew that: (i) he was required to include all income, gains, and profits of any kind (including, but not limited to, all income, gains, and profits arising out of the operation of Expedited Services' business) in his income for Federal income tax purposes, unless a specific provision of the Internal Revenue Code requires or permits exclusion; (ii) he was required to file Federal income tax returns which accurately reflected the results of his income producing activities (including, but not limited to, the activities of Expedited Services); and (iii) he was required to maintain books and records sufficient to establish the amount of income, gains, losses, deductions, and credits required to be shown on his Federal income tax returns (including, but not limited to, income, gains, losses, deductions, and credits arising out of the operation of Expedited Services' business). (f) Notwithstanding *393 the knowledge described in subparagraph (e), above, Petitioner failed to maintain complete and adequate books and records of his income producing activities for the taxable years at issue in this case, and failed to submit those books and records for examination by Respondent's agents, both as required by the applicable provisions of the Internal Revenue Code and the regulations thereunder. (g) Respondent has determined the correct gross receipts of Expedited Services for the taxable years at issue in this case indirectly, using the bank deposits method. (h) During the taxable years at issue, Petitioner maintained a checking account, number XXXX-XX2452, in the name of Expedited Services, with the Hawthorne, California office of California First Bank (now Union Bank). (i) The total deposits to the Expedited Services account for the taxable years 1987 and 1988 were $ 42,837.00 and $ 51,996.00, respectively. (j) Of the amount deposited to the Expedited Services account in 1988, $ 6,867.10 was from nontaxable sources, as set forth in the following table. Loan from Dorothy Jane Pierce
$ 1,000.00
Loans from Household Finance (2)
3,838.33
Loan from Jefferson Pilot Life
Insurance Company
2,028.77
Total
$ 6,867.10
*394 (k) Petitioner did not receive any income, receipts, gifts, inheritances, legacies, devises, loans, or any other money or property which is not subject to Federal income tax or excluded from gross income for Federal income tax purposes during the taxable years 1987 or 1988, except the items described in subparagraph (j), above. (l) On his Federal income tax returns for the taxable years 1987 and 1988, Petitioner reported gross receipts from the operation of Expedited Services' business of $ 23,644.00 and $ 26,911.00, respectively. (m) On his Federal income tax returns for the taxable years 1987 and 1988, Petitioner understated the gross receipts from the operation of Expedited Services' business by $ 19,183.00 and $ 18,218.00, respectively. (n) Respondent is informed and believes, and on the basis of that information and belief alleges, that when Petitioner provided information concerning his income producing activities to Butts for use in preparing Petitioner's Federal income tax returns for the taxable years at issue in this case, he provided incomplete and misleading information to Butts, with the intent that Petitioner's Federal income tax returns for those taxable years would *395 not reflect all of the gross receipts arising out of the operation of Expedited Services' business. (o) The Federal income tax returns filed by Petitioner for the taxable years at issue in this case were false and fraudulent, in that they did not report all of the gross receipts from the operation of Expedited Services' business. Those returns were filed for the purpose and with the intent of evading Federal income tax known to be due. (p) During the examination of Petitioner's Federal income tax returns for the taxable years at issue in this case, Petitioner failed to submit complete and accurate books and records of his income producing activities to Respondent's agent, as required by the applicable provisions of the Internal Revenue Code and the Regulations thereunder. Petitioner also refused to cooperate with Respondent's agents, and attempted to obstruct Respondent's agents by various means, including, but not limited to, failing to respond to timely and proper requests for information and documents. (q) Petitioner's conduct described in subparagraph (p), above, was undertaken for the purpose and with the intent of evading Federal income tax known to be due. (r) Petitioner *396 fraudulently, and with the intent to evade Federal income tax known to be due, understated his taxable income for the taxable years 1987 and 1988 by $ 19,183.00 and $ 18,218.00, respectively, by failing to report all of the gross receipts from the operation of Expedited Services' business on his Federal income tax returns for those years. (s) As a result of the fraudulent understatement of taxable income described in subparagraph (r), above, Petitioner fraudulently, and with the intent to evade Federal income tax known to be due, underpaid his Federal income tax for the taxable years 1987 and 1988 by $ 4,351.00 and $ 4,783.00, respectively. (t) All of the underpayment of Federal income tax by Petitioner for the taxable years at issue in this case was due to fraud with the intent to evade Federal income tax. The facts, as established by respondent's affirmative pleadings, lead us to conclude that fraud was proved by clear and convincing evidence. There are several indicia of fraud present in this case. First, petitioner substantially understated his gross receipts from Expedited Services for both years. Since respondent did not disallow the expenses petitioner claimed in carrying *397 on the business of Expedited Services, the "unreported gross receipts" constituted unreported taxable income. Thus petitioner received substantial amounts of unreported business income. See , affg. . Second, petitioner did not keep adequate books and records. See , affg. . Third, he did not furnish complete and accurate information to the person who prepared his Federal income tax returns for 1987 and 1988. See . Fourth, he refused to cooperate in the examination of his tax returns. See , affg. . Fifth, petitioner failed to appear at trial or communicate in a meaningful way with the Court regarding such appearance, a further indication that he deliberately tried to conceal the true facts concerning his tax liability. See , *398 affd. . In sum, the well-pleaded facts contained in respondent's Amended Answer satisfy us that the entire underpayment for each year was due to fraud and that petitioner had unreported taxable income as determined and asserted by respondent. Accordingly, we hold that petitioner is liable for the fraud additions to tax. The final issue concerns respondent's oral motion for a penalty under section 6673(a)(1), which provides as follows: (a) TAX COURT PROCEEDINGS. -- (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. While we are reluctant to impose a monetary sanction where a serious challenge to the fraud determinations is raised, we hold that petitioner's conduct in this case justifies a sanction under section *399 6673. Petitioner failed to (1) cooperate with respondent in preparing this case for trial, (2) comply with the Court's Rules, and (3) appear for trial. We therefore conclude that petitioner maintained this proceeding primarily for delay. Consequently, respondent's motion will be granted, and petitioner will be required to pay a penalty of $ 5,000 to the United States. To reflect the foregoing, An order and decision will be entered for respondent. Footnotes
1. 50 percent of the interest due on the entire deficiency.↩